1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

                    Plaintiff(s),

        v.

CARDIOGRAFIX, INC., et. al.,

                    Defendant(s).
_____/

CASE NO. 5:12-cv-01485 EJD

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

[Docket Item No(s). 19]

        Presently before the Court is a Motion for Default Judgment (the "Motion") filed by Plaintiff Hilda L. Solis as Secretary of the United States Department of Labor ("Plaintiff").  See Docket Item No. 19.  Plaintiff requests the court enter judgment against Defendants Cardiografix, Inc. (the "Company"), David Hyun, M.D. ("Hyun"), and Cardiografix, Inc. 401(k) Profit Sharing Plan (collectively, "Defendants") for various violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq.  To date, Defendants have not filed an opposition or otherwise appeared in this proceeding.

        Having thoroughly reviewed Plaintiff's pleadings, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for August 24, 2012, will be vacated.  The Motion will be granted based on the discussion which follows.

1

CASE NO. 5:12-cv-01485 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

# I.    FACTUAL AND PROCEDURAL BACKGROUND

Cardiografix, Inc. is a California corporation operating as an independent outpatient diagnostic cardiac imaging center in Santa Clara County.  See Compl., Docket Item No. 1, at ¶ 9.  David Hyun, M.D. ("Hyun") is the President and owner of the Company.  See id., at ¶ 10.  He is also a Trustee of the Cardiografix, Inc. 401(k) Profit Sharing Plan, an employee pension benefit plan.  See id., at ¶¶ 9, 20.

As the plan trustee, Hyun has the authority, discretion, and responsibility to manage and control the assets of the fund according to the Plan's provisions.  See id., at ¶ 20.  Further, the Company, as Plan Administrator, is granted the powers to administer, interpret, and apply the Plan.  See id., at ¶ 18.  The Company maintains a single general banking account, and Hyun was an account signatory.  See id., at ¶ 22.  This single general banking account is used to pay the Company's operating and other non-plan expenses.  See id., at ¶ 23.

Plan participants may obtain loans up to $50,000.00.  See id., at ¶ 15.  The terms for repayment consist of withholding amounts from the participant's payroll until the loan amount, plus interest, is repaid.  See id., at ¶ 15.  Following Company practice, these withheld amounts would remain in the single general banking account prior to being remitted to the Plan.  See id., at ¶ 24.

From May 31, 2007, to approximately May 31, 2010, the Company withheld at least $49,510.06 from participants' pay for loan repayments.  See id., at ¶ 25.  However, the Company did not timely remit these withheld amounts to the Plan; such action caused lost-opportunity costs.  See id., at ¶ 25.  Further, the Company and Hyun retained and commingled these amounts within the single general banking account and used the amounts to pay non-Plan expenses for the Company and for Hyun.  See id., at ¶¶ 26-27.

According to the Department of Labor regulations, participant loan repayments must be remitted to the Plan within a specific time frame.  See id., at ¶ 28.  Plaintiff alleges the repayments could have been segregated from the Company assets within seven business days from the date of withholding.  See id., at ¶ 29.

In mid-February, 2008, Hyun obtained a participant loan of $50,000.00 from the Plan.  See id., at ¶ 31.  However, the unpaid balance on his loan remains at least $46,841.59, despite the terms

2

United States District Court
For the Northern District of California

1 of repayment consisting of twice monthly repayments beginning on April 15, 2008.  See id., at ¶¶

2 32-33.

3        Further, Hyun, as plan trustee, failed to collect the Employer Safe Harbor Contributions for

4 Plan years 2008 and 2009, causing additional lost opportunity costs.  See id., at ¶¶ 39-41.

5        On March 23, 2012, Plaintiff initiated this action by filing the complaint against Defendants.

6 On May 8, 2012, Defendants were served with a copy of the Summons, Complaint and relevant

7 court documents.  Defendants thereafter failed to respond to the Complaint.  Consequently, the Clerk

8 entered Defendants' default on June 7, 2012.  See Docket Item No. 16.  This motion followed.

9                          **II.    DISCUSSION**

10        **A.    Legal Standard**

11        Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment

12 against a defendant who has failed to plead or otherwise defend an action.  "The district court's

13 decision whether to enter default judgment is a discretionary one."  Aldabe v. Aldabe, 616 F.2d

14 1089, 1092 (9th Cir. 1980).

15        The Ninth Circuit has provided seven factors for consideration by the district court in

16 exercising its discretion to enter default judgment, known commonly as the "Eitel factors."  They

17 are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3)

18 the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of

19 dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the

20 strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel

21 v McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  When assessing these factors, all factual

22 allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys.,

23 Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

24        **B.    Jurisdiction and Service of Process**

25        Courts have an affirmative duty to examine their own jurisdiction - both subject matter and

26 personal jurisdiction - when entry of judgment is sought against a party in default.  In re Tuli, 172

27 F.3d 707, 712 (9th Cir. 1999).  Here, this court has subject matter jurisdiction pursuant to 29 U.S.C. §

28 1132(e).  Personal jurisdiction arises from service upon Defendants in California.  See Docket Item

**United States District Court**
For the Northern District of California

3

1    Nos. 10, 11, 12; <u>Burnham v. Super. Ct.</u>, 495 U.S. 604. 610-11 (1990).

2            The court must also assess whether the Defendants were properly served with notice of this

3    action.  Plaintiff served the Summons and Complaint on Hyun, as an individual, in his capacity as

4    plan trustee, and as president of the company.  <u>See</u> Docket Item Nos. 11, 12, 13.  This service

5    encompasses all three Defendants, and the court therefore finds that Plaintiff properly effected

6    service of process.

7            **C.       The Eitel Factors**

8            Turning now to the <u>Eitel</u> factors, it is clear they favor entry to default judgment against

9    Defendants in this case.

10           To begin, failure to enter default judgment in favor of Plaintiff would result in prejudice to

11   the plan participants, who have been denied the proper operation of their employee benefit plan.

12           Second, the Complaint is sufficient to support entry of a default judgment.  Judgment by

13   default cannot be entered if the complaint fails to state a claim.  <u>See</u> <u>Moore v. United Kingdom</u>, 384

14   F.3d 1079, 1090 (9th Cir. 2004).  In the instant action, the court finds that the factual allegations, as

15   previously detailed above, support the violations of ERISA identified in the Complaint under the

16   pleading standard provided by Federal Rule of Civil Procedure 8.

17           Third, the sum of money at stake is relatively small.  In general, the fact that a large sum of

18   money is at stake is a factor disfavoring default judgment.  See <u>Eitel</u>, 782 F.2d at 1472 (holding that

19   alleged damages of $2,900,000, when considered in light of the parties' dispute as to material facts,

20   supported by the court's decision against entry of default judgment).  In the instant case, Plaintiff

21   has asked for a total judgment of $120,795.01 - an amount far less than that contemplated by the

22   court in <u>Eitel</u>.  Because the sum of money at stake here is modest in comparison, this factor weighs

23   in favor of entering a default judgment.

24           Fourth, there is no dispute of material fact.  Indications that there is a dispute of material fact

25   can weigh against entry of default judgment.  <u>Id</u>. at 1471-72.  Here, Defendant has not disputed any

26   of Plaintiff's contentions by failing to respond to either the Complaint or this motion, and all

27   material facts pled in the Complaint are verifiable.  <u>See</u> Decl. of Charlene Argate, Docket Item No.

28   19.

4

1    Fifth, it is unlikely that default was the result of excusable neglect.  This action was filed

2    over five months ago and Defendants have been properly served - three times over.  Moreover, as an

3    employer, Hyun is aware of the payment obligations for which he is responsible and has chosen to

4    not to respond as a result.

5    Sixth, although federal policy generally disfavors the entry of a default judgment, all of the

6    other Eitel factors favor of a default judgment here. Therefore, this general policy is outweighed by

7    the more specific considerations, and the motion to enter default judgment will be granted.

8    **D.    Damages**

9    As previously noted, Plaintiffs action is based on the statutory duties imposed by ERISA,

10    specifically those contained in 29 U.S.C. §§ 1103, 1104 and 1106.  For violations of these sections,

11    29 U.S.C. § 1109 provides:

12         Any person who is a fiduciary with respect to a plan who breaches any
           of the responsibilities, obligations, or duties imposed upon fiduciaries
13         by this title shall be personally liable to make good to such plan any
           losses to the plan resulting from each such breach, and to restore to
14         such plan any profits of such fiduciary which have been made through
           use of assets of the plan by the fiduciary, and shall be subject to such
15         other equitable or remedial relief as the court may deem appropriate,
           including removal of such fiduciary.

16

17    Section 1109 allows the court wide discretion to fashion a remedy for a trustee's breach of

18    fiduciary duty so long as the remedy inures to the benefit of the plan as a whole.  See Chuck v.

19    Hewlett Packard Co., 455 F.3d 1026, 1039 (9th Cir. 2006) (citing Massachusetts Mut. Life Ins. Co.

20    v. Russell, 473 U.S. 134, 140 (1985)); see also Chao v. Merino, 452 F.3d 174, 185 (2d Cir. 2006).

21    Plaintiff seeks the following amounts as identified losses to the Plan: (1) $49,510.06 as

22    unremitted payments withheld from plan participants from May 31, 2007, through May 31, 2010,

23    plus $6,611.83 in lost opportunity costs and prejudgment interest on that amount; (2) $46,841.59 as

24    the unpaid balance on the loan taken by Hyun, plus $7,383.00 in lost opportunity costs; (3)

25    $9,646.21 as uncollected employer safe harbor contributions for Plan years 2008 and 2009, plus

26    $802.32 in lost opportunity costs.  The court finds these amounts appropriate and supported by the

27    evidence presented for this motion.

28    In addition, Plaintiff seeks equitable relief in the form of an injunction removing the

**United States District Court**
For the Northern District of California

5

CASE NO. 5:12-cv-01485 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

United States District Court

For the Northern District of California

1  Company as the plan administrator, removing Hyun as the plan trustee, and removing both the

2  Company and Hyun as fiduciaries of the Plan in favor of an independent fiduciary, whose costs

3  should be paid by Defendants.  Plaintiff also seeks an order allowing an offset to Hyun's individual

4  plan account against the amount Defendants are ordered to pay as a result of this proceeding.  In

5  light of the authority allowing these injunctive provisions under similar circumstances, the court

6  finds the injunction requested here appropriate as well.  See, e.g., Reich v. Lancaster, 55 F.3d 1034,

7  1054 (5th Cir. 1995); Martin v. Feilen, 965 F.2d 660, 672-73 (8th Cir. 1992); Beck v. Levering, 947

8  F.2d 639, 641 (2d Cir. 1991); Davis v. Torvick, No. C-93-1343 CW, 1996 WL 266127, at * 7 (N.D.

9  Cal. May 2, 1996).

10       In sum, Plaintiff shall recover a total of $120,795.01 in actual losses to the Plan plus post

11  judgment interest.  The Company and Hyun are jointly and severally liable for this amount as co-

12  fiduciaries of the Plan.  The court will also issue the injunction requested by Plaintiff, as detailed in

13  the judgment to follow this order.

14  **III.   ORDER**

15       Based on the foregoing, the hearing scheduled for August 24, 2012, is VACATED.

16  Plaintiffs' motion for entry of default judgment is GRANTED in the amount of $120,795.01.  A

17  permanent injunction shall also issue as detailed in the ensuing judgment.  The Clerk shall close this

18  file.

19  **IT IS SO ORDERED.**

20

21  Dated:  August 22, 2012

22  EDWARD J. DAVILA
    United States District Judge

23

24

25

26

27

28

CASE NO. 5:12-cv-01485 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT